# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IMRA AMERICA, INC.,

      Plaintiff,              CIVIL ACTION NO. 06-CV-15139

   vs.                       DISTRICT JUDGE ANNA DIGGS TAYLOR

IPG PHOTONICS CORP.,       MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO AMEND/CORRECT THE SCHEDULING ORDER TO INCREASE THE NUMBER OF DEPOSITIONS (DOCKET NO. 92) AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL THE DEPOSITION OF WAYNE H. KNOX, OR IN THE ALTERNATIVE TO EXTEND THE DEADLINE FOR IPG TO SERVE ITS REBUTTAL EXPERT REPORT ON INFRINGEMENT (DOCKET NO. 99)

These matters come before the Court on two motions. The first is Plaintiff's Emergency Motion to Amend/Correct the Scheduling Order to Increase the Number of Depositions, filed on February 9, 2010. (Docket no. 92). Defendant filed a response to the motion. (Docket no. 97). The parties filed a Joint Statement of Resolved and Unresolved Issues. (Docket no. 98). The second motion is Defendant's Motion to Compel the Deposition of Wayne H. Knox, or in the Alternative to Extend the Deadline for IPG to Serve its Rebuttal Expert Report on Infringement, filed on March 1, 2010. (Docket no. 99). On motion by the Defendant, the Court shortened the time for response to the Defendant's Motion to Compel. (Docket no. 100). Plaintiff filed a response on March 4, 2010. (Docket no. 104). The motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 93, 102). The Court heard oral argument on the motions on March 5, 2010. These matters are now ready for ruling.

1

**1. Plaintiff's Emergency Motion to Amend/Correct the Scheduling Order to Increase the Number of Depositions**.

Plaintiff filed this action on November 16, 2006 for alleged infringement of U.S. Patent No. 5,818,630 ('630 patent), entitled "Single-Mode Amplifiers and Compressors Based on Multi-Mode Fibers." (Docket no. 92 at 6). The parties submitted their Rule 26(f) joint report on March 13, 2007 which contemplated ten fact depositions per party, not including expert depositions. (Docket no. 13). On February 9, 2010 Plaintiff filed the instant Emergency Motion to Amend/Correct the Scheduling Order to Increase the Number of Depositions. (Docket no. 92). The Defendant opposes the motion.

The Plaintiff has taken nine depositions and identifies Dr. Starschenko as its probable tenth deponent. Dr. Starschenko is responsible for the production of fiber blocks. His deposition will occur in Stuttgart, Germany. The deposition has been noticed but not scheduled. In the instant motion, Plaintiff seeks to take five additional depositions. At the hearing on this motion, the Plaintiff identified the five deponents as: (1) Dr. Fomin, an individual responsible for Ytterbium laser research and development, with technical knowledge of fiber blocks; (2) Dr. Scherbakov, an individual with knowledge of the design, development, and production of the accused products and fiber doping; (3) Mr. Sreychea, an individual with knowledge of splicing and training; (4) Thomas Comerford, Defendant's supervisor for custom type lasers who is in charge of one-off products; and (5) GSI, a customer of the Defendant and possible witness on the issue of willful infringement. Plaintiff asserts that if the additional depositions are permitted, Dr. Fomin and Dr. Scherbakov will be deposed in Stuttgart, Germany; Mr. Sreychea and Thomas Comerford will be deposed in Oxford, Massachusetts; and GSI will be deposed in Boston, Massachusetts. Plaintiff further asserts that

2

depositions which would be conducted in Germany have not been scheduled with the consulate and it is unlikely that they could be scheduled before the March 24, 2010 discovery deadline.

Plaintiff contends that the ten deposition limit is unrealistic and impractical due to the difficulty Plaintiff has had in obtaining from the deponents detailed responses to technical questions. Plaintiff also states that additional depositions are necessary due to the volume of documents which have been and continue to be produced by the Defendant. (Docket no. 92 at 4). Defendant vigorously disputes the contention that deponents have been unable to respond to detailed technical questions.

The Court finds that the Plaintiff has not demonstrated a particular need for five additional depositions, or shown that the proposed deponents, other than GSI, are any more likely to have information the Plaintiff seeks than individuals the Plaintiff has already deposed. The Court further finds that the Plaintiff has not demonstrated that the likely benefit of the five additional depositions outweighs the burden and expense of the depositions. Three of the proposed depositions would be conducted in Germany, will require the assistance of an interpreter, and cannot be scheduled before the discovery deadline, adding to the delay and overall cost of this lawsuit. Additionally, both Dr. Starschenko and Dr. Fomin have knowledge related to fiber blocks, therefore the Court is not persuaded that both of these depositions are necessary.

The Court will deny Plaintiff's request for five additional depositions. Plaintiff will be permitted to take two additional depositions which must be conducted before the discovery cutoff date of March 24, 2010.

**2. Defendant's Motion to Compel the Deposition of Wayne H. Knox, or in the Alternative to Extend the Deadline for IPG to Serve its Rebuttal Expert Report on Infringement**.

Defendant seeks an order compelling Plaintiff to produce its technical expert, Wayne H. Knox, for deposition on or before March 10, 2010, two days prior to the March 12, 2010 deadline for filing its rebuttal expert report on non-infringement. In the alternative, Defendant asks for an extension of the deadline for filing its rebuttal expert report until two days after Plaintiff produces Dr. Knox for deposition.

Defendant states that Plaintiff's technical expert, Dr. Knox, filed an expert report on infringement on February 10, 2010. Defendant's rebuttal expert report on non-infringement is due March 12, 2010. Defendant has determined that Dr. Knox's expert report on infringement raises issues which need to be explored before Defendant can file its rebuttal expert report on non-infringement. Defendant also states that Dr. Knox's February 10, 2010 expert report on infringement incorporated a prior expert report of November 6, 2009, which set forth different theories of infringement. The parties state that Dr. Knox is available for deposition on or after April 9, 2010. Under the Amended Scheduling Order (docket no. 90), expert depositions must be conducted by April 16, 2010.

The Court will grant the Defendant's motion. The deadline for Defendant to serve its rebuttal expert report on non-infringement will be extended until two days after Plaintiff produces Dr. Knox for deposition. Plaintiff will be ordered to produce Dr. Knox for deposition no later than April 10, 2010. Defendant's rebuttal expert report on non-infringement will be due by April 13, 2010. No other dates in the Amended Scheduling Order will be amended. In all other respects the motion will be denied.

**IT IS THEREFORE ORDERED** that the Plaintiff's Emergency Motion to Amend/Correct the Scheduling Order to Increase the Number of Depositions (docket no. 92) is **GRANTED**.

Plaintiff may take two depositions over the ten deposition limit. The additional depositions must be conducted before the discovery cutoff date of March 24, 2010.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Compel the Deposition of Wayne H. Knox, or in the Alternative to Extend the Deadline for IPG to Serve its Rebuttal Expert Report on Infringement (docket no. 99) is **GRANTED IN PART AND DENIED IN PART**. The Court grants Defendant's request for an extension of the deadline for filing its rebuttal expert report on non-infringement. The deadline for Defendant to serve its rebuttal expert report on non-infringement is extended until two days after Plaintiff produces Dr. Knox for deposition. Plaintiff is ordered to produce Dr. Knox for deposition no later than April 10, 2010. Defendant's rebuttal expert report on non-infringement is due by April 13, 2010. No other dates in the Amended Scheduling Order will be amended. In all other respects the Defendant's motion is denied.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: March 11, 2010                    s/ Mona K. Majzoub
                                                          MONA K. MAJZOUB
                                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: March 11, 2010                    s/ Lisa C. Bartlett
                                                          Case Manager