**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IMRA AMERICA, INC.,

       **Plaintiff,**                       **CIVIL ACTION NO. 06-CV-15139**

       vs.                              **DISTRICT JUDGE ARTHUR J. TARNOW**

IPG PHOTONICS CORP.,            **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF "DEVICE DESCRIPTION" DOCUMENTS FROM DEFENDANT (DOCKET NO. 95)**

This matter comes before the Court on Plaintiff's Motion to Compel Production of "Device Description" Documents from Defendant IPG Photonics Corp. (Docket no. 95). The motion is fully briefed. This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 102). The Court heard oral argument on the motion on June 21, 2010. This matter is now ready for ruling.

Plaintiff moves for an order compelling production of technical documents describing the structure and operation of the accused laser and amplifier products ("Device Descriptions"). They contend that the Device Descriptions are the only complete records explaining the technical elements utilized in the different models of accused products. They further contend that any claim to work-product immunity was waived when certain of the Device Descriptions were produced during discovery. Plaintiff states that they are currently in possession of more than 100 Device Descriptions and they seek an Order compelling production of the remaining documents. Defendant objects to Plaintiff's motion, stating that the Device Descriptions are work-product prepared by

1

Defendant in June and July 2007, eight months after this case was filed, at the request of Defendant's counsel for purposes of this litigation.

Federal Rule of Civil Procedure 26(b)(3) provides that a party may not discover documents that are prepared in anticipation of litigation or for trial by or for another party or its representative, unless the documents are otherwise discoverable under Rule 26(b)(1), and the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

As an initial matter Defendant argues that Plaintiff's Motion to Compel is untimely. They claim that Plaintiff has known of the existence of the Device Descriptions and of Defendant's claim of work-product immunity for over two years, when they were first notified that Defendant had inadvertently produced certain of the documents. According to Defendant, Plaintiff should have filed their Motion to Compel within a reasonable time after learning of the work-product issue surrounding the documents. The Court finds that Plaintiff's Motion to Compel was filed before the close of discovery and is therefore timely.

Plaintiff argues that the Device Descriptions are not protected from disclosure by work-product immunity. They claim that the Device Descriptions which they have in their possession contain disclaimers showing that they are intended for "internal use only," and contain warranties only to the extent they are included in a "binding purchase offer." (Docket no. 95 at 11). Plaintiff argues that these disclaimers, coupled with the fact that there are no markings on the disclosed documents indicating that they are privileged, give strong support to the view that the Device Descriptions were created for ordinary business purposes. Plaintiff further contends that deposition testimony confirms that Device Descriptions are a type of document prepared by Defendant's

employees to carry out the regular business of Defendant. Finally, Plaintiff argues that deposition testimony shows that some of the Device Descriptions were created "to explain to IMRA how the accused products work," and therefore are not work product.

Documents prepared in anticipation of litigation or for trial by or for a party or that party's representative are protected from discovery under work-product immunity. Defendant shows that the Device Description documents were prepared by Defendant at the direction of Defendant's counsel in June and July 2007, after this case was filed, and relate to the products that Plaintiff has accused of infringement. Deposition testimony confirms that the Device Descriptions were prepared at the request of Defendant's counsel for purposes of this lawsuit. (Docket no. 105, Ex. A, B). The Court is satisfied that the Device Descriptions are protected by the work-product doctrine.

Next, Plaintiff argues that the Defendant waived work-product protection by producing and allowing Plaintiff to retain some of the Device Descriptions. Defendant does not dispute that they waived work-product protection as to those Device Descriptions which they allowed Plaintiff to retain. Plaintiff has not persuaded the Court, however, that the Defendant categorically waived its work-product protection as to all Device Descriptions by selectively allowing Plaintiff to retain certain of those documents. *See, e.g., K.W. Muth Co. v. Bing-Lear Mfg. Group, L.L.C.*, 219 F.R.D. 554, 567 (E.D. Mich. 2003); *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997); *In re United Mine Workers of Am. Employee Ben. Plans Litigation*, 159 F.R.D. 307, 310-11 (D. D.C. 1994). Accordingly, the Court finds that Defendant has not waived its work-product privilege except as to those Device Descriptions which it permitted Plaintiff to retain.

The Court further finds that Plaintiff has not shown that they have a substantial need for the Device Descriptions, and are unable without undue hardship to obtain these documents or their

3

substantial equivalent by other means. Plaintiff first learned of the existence of these Device Descriptions in 2007. Since that time, more than two million pages of documents have been produced in this litigation. In addition, Plaintiff has taken nine depositions, and has declined to take two additional depositions which the Court permitted Plaintiff in a previous motion to compel. The record shows that Plaintiff's technical expert has had sufficient information available to him to permit him to submit four expert reports. (Docket no. 127). Plaintiff claims that it can piece together schematic details of the accused products from other documents and testimony. The Court concludes that Plaintiff has not demonstrated substantial need and undue hardship.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of "Device Description" Documents from Defendant (docket no. 95) is **DENIED**.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 23, 2010                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 23, 2010                     s/ Lisa C. Bartlett
                                          Case Manager

4