# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IMRA AMERICA, INC.,

  Plaintiff,       CIVIL ACTION NO. 06-CV-15139

 vs.            DISTRICT JUDGE ARTHUR J. TARNOW

IPG PHOTONICS CORP.,     MAGISTRATE JUDGE MONA K. MAJZOUB

  Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO PRECLUDE EVIDENCE AND OPINION BY DR. WAYNE KNOX, PLAINTIFF'S TECHNICAL EXPERT ON INFRINGEMENT (DOCKET NO. 127)**

This matter comes before the Court on Defendant's Motion to Preclude Evidence and Opinion by Dr. Wayne Knox, Technical Expert for Plaintiff, on the Basis of Spoliation and Repeated Non-Compliance with Discovery Obligations. (Docket no. 127). The motion is fully briefed. This matter has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 132). The Court heard oral argument on the motion on June 21, 2010. This matter is now ready for ruling.

Defendant contends that Dr. Knox, Plaintiff's technical expert on infringement, formulated his theory of infringement by using an optical simulation computer program called "RSoft" to simulate light passing through Defendant's products. To perform these simulations, Dr. Knox first created computer models that purported to approximate the relevant aspects and operation of a few of Defendant's products. These models were saved as files, then input into the RSoft program to generate output files that allegedly simulate the optical behavior of the models.

1

Defendant states that the RSoft input files Dr. Knox relied upon in his First Infringement Report were rife with error. (Docket no. 127, Ex. 1 at 2). Defendant claims that on or around the time Plaintiff's current counsel was retained, Plaintiff abandoned its first theory of infringement and served a Supplemental or Second Infringement Report which rested on a completely new theory of the structure and operation of Defendant's accused products. (Docket no. 127, Ex. 1 at 2). This Second Infringement Report was also based on RSoft simulations. However, the RSoft simulations supporting the Second Infringement Report were created from new input files which Defendant contends resulted in radically new and different simulation outputs.

Defendant states that despite its repeated demands and discovery requests directed toward this second wave of simulation input data, Plaintiff failed to produce the input data relative to Plaintiff's Second Infringement Report. Defendant further contends that as late as April 2010 Plaintiff continued to represent that all of Dr. Knox's RSoft data had been produced. It has since come to light that the RSoft input data created in relation to the Second Infringement Report was destroyed months ago, in February 2010, in an apparent computer crash. There is no dispute that the computer crash permanently wiped out the simulation input data which Defendant has diligently tried to obtain, but did not destroy any simulation output data which Plaintiff will rely upon to prove infringement.

Defendant contends that without the foundational simulation input files, it cannot evaluate the simulation output or effectively defend their case. Defendant argues that since Plaintiff cannot produce the input files used to create the second set of simulations, it should be precluded from relying in any way on the outputs of any of Dr. Knox's simulations. (Docket no. 127, Ex. 1 at 4). Defendant further states that because Plaintiff was derelict in its duty to promptly inform Defendant

2

of the destruction of the data, Plaintiff's expert, Dr. Knox, should be precluded from testifying on all issues of infringement.

In response, Plaintiff argues that Dr. Knox produced over 18,000 files related to the RSoft simulations, and lost only one file fewer than three pages long in the computer crash. Plaintiff states that it immediately notified the Defendant when it learned that the file had been lost. Plaintiff further state that much of the input data in the lost file was contained in the Second Infringement Report and is available to the Defendant. Additionally, Defendant states that Dr. Knox has since reconstructed and produced the lost file to the best of his ability based on his Second Infringement Report.

Federal Rule of Civil Procedure 37(c)(1) provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." "[T]he sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport*, 596 F.3d 357, 370 (6th Cir. 2010) (citation omitted).

The Court finds that Plaintiff's failure to produce the input files relative to the RSoft simulations relied upon in Plaintiff's Second Infringement Report despite repeated requests by Defendant, and subsequent failure to timely disclose the destruction of the input file, was neither substantially justified nor harmless. The Court is persuaded that Plaintiff's counsel met extensively with Dr. Knox both before and after simulations were conducted relative to Plaintiff's theory of infringement and Second Infringement Report. Plaintiff's excuses that it was not aware that Dr. Knox conducted an additional thirteen hours of simulation work relative to the Second Infringement

3

Report, and its claim that it was unaware that this one critical input file was not produced in discovery, was not properly backed up, and was the only relevant file lost in the computer crash, does not amount to substantial justification. Following the computer crash, Dr. Knox was left to his own devices to recover this critical data. Defendant has argued that the reconstructed data is not a perfect reconstruction. The loss of this data is clearly not harmless.

The Court has broad discretion in fashioning an appropriate sanction. Precluding Dr. Knox from offering any opinion on the issue of infringement, and precluding Plaintiff and/or Dr. Knox from offering any opinion or evidence on any RSoft simulations is a harsh remedy. Instead, the Court will preclude Plaintiff and Dr. Knox from offering any opinion or evidence on any RSoft simulations relied upon or forming the basis of Plaintiff's Second Infringement Report.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Preclude Evidence and Opinion by Dr. Wayne Knox, Technical Expert for Plaintiff, on the Basis of Spoliation and Repeated Non-Compliance with Discovery Obligations (docket no. 127) is **GRANTED IN PART and DENIED IN PART**. Plaintiff and Dr. Knox are barred from offering any opinion or evidence on any RSoft simulations relied upon or forming the basis of Plaintiff's Second Infringement Report.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: July 14, 2010   s/ Mona K. Majzoub
　　　　　　　　　　　　　MONA K. MAJZOUB
　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

4

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.


Dated: July 14, 2010                             s/Lisa C. Bartlett
                                                 Case Manage