

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

| | |
|---|---|
| IMRA AMERICA, INC.,<br>a Michigan corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IPG PHOTONICS CORPORATION,<br>a Delaware corporation,<br><br>　　　　　　Defendant. | C.A. No. 2:06-cv-15139 AJT-MKM<br><br>The Honorable Judge Arthur J. Tarnow |

### IPG PHOTONICS CORPORATION'S BENCH MEMORANDUM WITH RESPECT TO IPG'S PROCUREMENT OF AN OPINION OF COUNSEL IN THE CASE

Dated: September 26, 2011

Frank E. Scherkenbach
Kurt L. Glitzenstein
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
glitzenstein@fr.com

Thomas W. Cranmer (P25252)
MILLER, CANFIELD, PADDOCK &
　　STONE, P.L.C.
840 W. Long Lake Rd., Suite 200
Troy, MI 48098-6358
Telephone: (248) 879-2000
cranmer@millercanfield.com

ATTORNEYS FOR DEFENDANT
IPG PHOTONICS CORPORATION

IPG has moved that IMRA not be permitted to reference at trial any advice of counsel upon which IPG has invoked the attorney-client privilege. See Dkt. 249 (motion no. 13). In its response to that motion and again at the pretrial conference, IMRA contended that it should be permitted to advise the jury that "IPG did not seek legal advice regarding the '630 patent." Dkt. 267, at 17. The parties have exchanged a number of letters over the weekend on this point but are unable to reach resolution. Indeed, IMRA has asked that IPG make Kurt Glitzenstein, IPG's trial counsel since the inception of the case, available for deposition and testimony as a fact witness at trial as a result of IPG's purported reliance on an advice of counsel defense to willful infringement.

However, as IPG's counsel tried to make clear at the pretrial conference, and as reiterated in subsequent correspondence with opposing counsel, IPG will not rely on an advice of counsel defense at trial. As such, there is no issue of waiver of the attorney-client privilege, or any need for deposition of IPG's trial counsel. Still, IMRA contends that it should be allowed to misstate to the jury that IPG never obtained an opinion of counsel, apparently to have the jury infer that any such opinion would have been unfavorable. The Court of Appeals found this tactic to be wholly improper in *Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004).

Neither does *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683 (Fed. Cir. 2009), on which IMRA primarily relies, stand for the proposition that IMRA may tell the jury that IPG never obtained the opinion of counsel, when IPG actually did. In Broadcom, the defendant had obtained an opinion of counsel with respect to the validity of the patent in suit, but not with respect to infringement. The court thus determined that the plaintiff could advise the jury that the defendant had not obtained an opinion of counsel on the issue of infringement, because that was factually true. See 543 F.3d at 700. The court did not endorse any misstatement to the jury

with respect to the defendant's conduct, and the validity opinion was not at issue because the parties never referred to it at trial, in accordance with *Knorr-Bremse*.

Other authority in addition to *Knorr-Bremse* supports IPG's position on this matter. In *McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810 (E.D. Cal. 2006), the court recognized that *Knorr-Bremse* prohibited any adverse inference from a defendant's decision to invoke the privilege over an opinion of counsel, observing that any reference to that decision would "inescapabl[y]" cause the jury "to conclude that Bridge received an unfavorable opinion, otherwise Bridge would reveal it." 434 F. Supp. 2d at 812. The court granted the defendant's motion to preclude reference to the opinion, but it certainly did not permit the plaintiff then to argue that the defendant never obtained the advice of counsel. *Cf. Knorr-Bremse*, 383 F.3d at 1345 (recognizing that there is no "legal duty upon a potential infringer to consult with counsel, such that failure to do so will provide an inference or evidentiary presumption that such opinion would have been negative"), quoted in Broadcom, 543 F.3d at 698.

The court reached a similar conclusion in *Telcordia Technologies, Inc. v. Lucent Technologies, Inc.*, 2007 WL 7076662 (D. Del. April 27, 2007). In that two-defendant case, the court restricted any reference to an opinion of counsel that the first defendant received, but it allowed the plaintiff to advise the jury that the second defendant never obtained an opinion of counsel (which was true). The court did not permit the plaintiff also to tell the jury that the first defendant did not obtain an opinion of counsel. 2007 WL 7076662, at *6.

IMRA has identified *Retractable Technologies, Inc. v. Becton, Dickinson & Co.*, 2009 U.S. Dist. LEXIS 131236 (E.D. Tex. Oct. 8, 2009), in support of its position, but again, nothing in *Retractable Technologies* suggests that the court permitted the plaintiff to misinform the jury

about the defendant's actual receipt of an opinion of counsel. Instead, the issue did not arise under *Knorr-Bremse*. *Retractable Tech.*, 2009 U.S. Dist. LEXIS 131236, at *14, n. 1 (noting that the defendant did not intend to rely on the advice of counsel). Furthermore, the decision in *Retractable Technologies* appears to be internally inconsistent at best and ultimately accords with the holdings in *McKesson* and *Telcordia* (which cases it followed, but did not discuss). While IMRA cites the case for the proposition that it should be permitted to offer evidence of a failure to obtain an opinion of counsel, the court ultimately ruled that the plaintiff could *not* "present evidence or argument that Defendant obtained an opinion of counsel but has declined to produce it." *Id.*, at *14. The court in *Retractable Technologies* further observed that any such evidence would give rise to an impermissible inference, and furthermore that the danger of unfair prejudice and jury confusion would substantially outweigh any probative value. *Id.*, at *14 n. 4.

IPG intends to introduce the November 2, 2006 letter from Mr. Glitzenstein not as part of any advice of counsel defense, but simply to show that IPG communicated its non-infringement position to IMRA on that date. IMRA's failure to respond to the substance of IPG's letter is certainly evidence of the soundness of the position IPG expressed, and it further evidences IPG's good faith in proceeding in its course of conduct and refutes IMRA's contention that IPG engaged in any willful infringement.

For the foregoing reasons, IPG asks that the Court grant its motion on this point and restrict IMRA from making any misrepresentations to the jury with respect to IPG's procurement of an opinion of counsel in the case. See *Scott v. Mitchell*, 209 F.3d 854, 878-79 (6th Cir. 2000) ("It is the duty of the trial judge to conduct an orderly trial with the goal of eliciting the truth and attaining justice between the parties.").

Dated: September 26, 2011          /s/ Kurt L. Glitzenstein
                                   Frank E. Scherkenbach
                                   Kurt L. Glitzenstein
                                   Jack P. Smith, III
                                   Michael C. Lynn
                                   FISH & RICHARDSON P.C.
                                   One Marina Park Drive
                                   Boston, MA 02210
                                   (617) 542-5070
                                   glitzenstein@fr.com

                                   Thomas W. Cranmer (P25252)
                                   MILLER, CANFIELD, PADDOCK &
                                       STONE, P.L.C.
                                   840 W. Long Lake Rd., Suite 200
                                   Troy, MI 48098-6358
                                   (248) 879-2000
                                   cranmer@millercanfield.com

                                   ATTORNEYS FOR DEFENDANT
                                   IPG PHOTONICS CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing IPG PHOTONICS CORPORATION'S BENCH MEMORANDUM WITH RESPECT TO IPG'S PROCUREMENT OF AN OPINION OF COUNSEL IN THE CASE as filed with the Clerk of the Court through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                   /s/ Kurt L. Glitzenstein
                                   Kurt L. Glitzenstein