UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMRA AMERICA, INC., a Michigan corporation,

Plaintiff/Counterclaim Defendant,

v.

IPG PHOTONICS CORPORATION, a Delaware corporation,

Defendant/Counterclaim Plaintiff.
_____/

Case No.  06-15139

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

## ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW [303]

Before the Court is Plaintiff's Motion for Judgment as a Matter of Law Pursuant to Fed. R. Civ. P. 50(b) [303], filed on December 5, 2011. Defendant filed a Response [308] on December 22, 2011. For the reasons states below, Plaintiff's Motion for Judgment as a Matter of Law [303] is **DENIED**.

A party is permitted to file a renewed motion for judgment as a matter of law no later than 28 days after the entry of judgment following a trial. Fed. R. Civ. P. 50(b). The Court, when reviewing a motion for judgment as a matter of law, must view the evidence in the light most favorable to the non-moving party. *Tisdale v. Fed. Express Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (internal quotation and citation omitted).  Granting a motion for judgment as a matter of law is only appropriate when there is no genuine issue of material fact for the jury to consider and reasonable minds could come to but one conclusion in favor of the moving party.  *Id*.

First, Plaintiff seeks judgment as a matter of law that Defendant infringed claim 1 of U.S. Patent No. 5,818,630 ( the '630 patent). Mot. [303], at 1-4.

Second, Plaintiff seeks judgment as a matter of law that Defendant willfully infringed claim 1 of the 630 patent. Mot. [303], at 4-5. Plaintiff's infringement claims depend on whether Defendant's fusion splices fall within the Court's construction of "mode converter" as an "element capable of matching the mode of a multimode amplifier fiber." *Id*. at 2. This dispositive issue was a task for the jury during trial, and was not for the Court to decide as a matter of law. Plaintiff is not, therefore, entitled to judgment as a matter of law on direct or willful infringement of claim 1 of the 630 patent.

Third, Plaintiff seeks judgment as a matter of law that Defendant failed to plead or prove the 28 U.S.C. § 1498 affirmative defense. Mot. [303], at 5-6. Title 28 U.S.C. § 1498 provides an affirmative defense that "relieves a federal contractor of liability where the contractor uses or manufactures an infringing invention for the United States." *Toxgon Corp. v. Bnfl, Inc.*, 312 F.3d 1379, 1381 (Fed. Cir. 2002)(internal quotation and citation omitted). Based on the testimony of Defendant's damages expert Mark Robinson, Plaintiff's allege that Defendant reduced its total base damages calculation based upon this affirmative defense, while at the same time failing to plead the defense. *See* Mot. [303], Ex. A, at 1374:14-1375:16. Plaintiff has failed to show that there is no genuine issue of material fact as to Defendant's reliance on 28 U.S.C. § 1498 in its calculation of damages. Moreover, on October 6, 2011, the jury returned a verdict in favor of Defendant [299]. Therefore, the issue of damages calculation is now moot.

Accordingly, Plaintiff's Motion for Judgment as a Matter of Law [303] is **DENIED**.

**SO ORDERED**.

                                 s/Arthur J. Tarnow
                                 ARTHUR J. TARNOW
                                 SENIOR UNITED STATES DISTRICT JUDGE

Dated: September 24, 2012