UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMRA AMERICA, INC.,

    Plaintiff/Counterdefendant,

v.

IPG PHOTONICS CORPORATION,

    Defendant/Counterclaimant.

                                           /

Case No. 06-15139

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE MONA K. MAJZOUB

**<u>OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OBJECTIONS [305] TO DEFENDANT'S BILL OF COSTS [302]</u>**

On November 16, 2006, Plaintiff filed its Complaint [1], bringing a claim of patent infringement against Defendant. On January 9, 2007, Defendant filed its Answer [6], alleging several affirmative defenses and counterclaims. Jury trial on the matter began on September 26, 2011. On October 6, 2011, the trial concluded with the jury finding in favor of Defendant. In accordance with this finding, the Court ordered the case adjudged and dismissed [299] on November 7, 2011.

Now before this Court is Plaintiff's Objections [305] to Defendant's Bill of Costs [302]. Defendant seeks $503,195.63 in costs. Plaintiff objects to $151,785.25 of these costs. For the following reasons, Plaintiff's objections are GRANTED IN PART and DENIED IN PART. The sum of $411,614.04 in costs is due against Plaintiff and in favor of Defendant.

**I. LEGAL STANDARD**

Federal Rules of Civil Procedure 54(d) provides for the assessment of costs as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be

>   taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

F.R.C.P. 54(d). The costs which may be taxed are listed in Title 28 U.S.C. § 1920 as follows:

>   (1) Fees of the clerk and marshal;
>   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In addition, "[t]he court has broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *BDT Products, Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 419 (6th Cir. 2005) (overruled on other grounds by *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2007 (2012)).

In reviewing a request for taxation of costs, the court must determine "first . . . whether the expenses are allowable cost items and then . . . whether the amounts are reasonable and necessary." *Jefferson v. Jefferson County Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004). Federal Rule of Civil Procedure 54(d) creates a general presumption allowing the taxation of costs to a prevailing party. *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Therefore, "'[i]t is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption' favoring an award of costs to the prevailing party." *Id.* at 732 (citing *Lichter Found., Inc. v. Welch*, 269 F.2d 142, 146 (6th Cir. 1959)).

## II. ANALYSIS

**1.     Hearing Transcripts**

In its Bill of Costs, Defendant requests $8,223.32 in fees for hearing transcripts. Plaintiff objects to $1,875.60 of this request, arguing that this cost covered an additional .ptx version of a transcript, which Defendant failed to provide Plaintiff. Plaintiff therefore asserts then that the additional version was for the convenience of Defendant's counsel. Indeed, additional transcripts are for the convenience of counsel and are not "reasonably necessary for use in the case." *City of Sterling Heights v. United Nat'l Ins. Co.*, No. 03-72773, 2008 WL 920135, at *6 (E.D. Mich. Apr. 3, 2008). Here, Defendant ordered a copy of a hearing transcript in .ptx format for its own use, which was in addition to the original and .pdf copies of the transcript. Therefore, the .ptx transcript was for the convenience of counsel and is not taxable. Defendant's Bill of Costs shall be reduced by the cost of the .ptx transcript, **$1,875.60**.

**2.     Deposition Expenses**

Defendant requests $67,941.05 in fees for deposition expenses. "Deposition expenses are generally taxed as costs under § 1920." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). However, "not all of the costs associated with these depositions are taxable." *Charboneau v. Severn Trent Laboratories, Inc.*, No. 5:04-CV-116, 2006 WL 897131, at *3 (W.D. Mich. Apr. 6, 2006).

A. *Specific Deposition Costs*

Plaintiff argues that the following specific deposition-related costs were either not necessary or not taxable: (1) shipping and handing of the transcripts; (2) rough drafts of transcripts, including ASCII copies/disks; (3) litigation support packages; (4) DVD syncing and real time feeds; (5) exhibit scanning, binding, and custom-tabbing, OCR-ing and duplicative copying; (6) media such as CDs, DVDs, or mini-DV cassettes; (7) .pdf and e-transcripts; and (8) transcripts archiving.

First, although the Sixth Circuit has not addressed the issue, other circuits have held that shipping and handling costs of transcripts and exhibits are generally not recoverable under 28 U.S.C. § 1920. *See Rodriguez v. Marble Care Intern., Inc.*, 862 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012); *Osorio v. One World Technologies, Inc.*, 834 F. Supp. 2d 20, 23 (D. Mass. 2011). Therefore, Defendant's Bill of Costs shall be reduced by the costs of shipping and handling, $566.00.

Second, "additional charges for such items as computer disk copies, minuscripts, keyword indices, exhibit copies and administrative fees are not taxable as costs because they are for the convenience of counsel, rather than a necessity for trial." *Irwin Seating Co. v. International Business Machines Corp.*, No. 1:04-CV-568, 2008 WL 1869055, at *4 (W.D. Mich. Apr. 24, 2008); *see also Whirlpool Corp. v. L.G. Elecs., Inc.*, 2007 WL 2462659, at *6 (W.D. Mich. Aug. 26, 2007). Here, Defendant requests costs in addition to the deposition transcripts, including: rough drafts, litigation support packages, "Reeltime Feed," e-transcripts, custom tabs, condensed transcripts, and exhibit copies and scans. Because all these tools are used for the convenience of counsel, Defendant's Bill of Costs shall also be reduced by the amount of these costs, $11,503.05.

B. *Deposition of Richard Turner*

Next, Plaintiff objects to $2,979.50 in costs relating to the deposition of Richard Turner, arguing that Mr. Turner was deposed solely on the issue of Defendant's affirmative defense and counter-claim of inequitable conduct. Plaintiff asserts that because this Court subsequently granted a motion for summary judgment finding no inequitable conduct, Defendant is not the "prevailing party" on this issue. However, "[w]here the [prevailing party's] successful and unsuccessful claims are based on "a common core of facts" and "related legal theories," the lawsuit cannot be viewed as a series of discrete claims, and "the district court should focus on the significance of the overall relief obtained by the [prevailing party] . . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). A

4

party's success on specific issues does not affect its status as a prevailing party in that the time spent on unsuccessful legal theories may be considered in determining the amount of an award. *See Fogleman v. Arabian American Oil Co.*, 920 F.2d 278, 285 (5th Cir. 1991). Here, Defendant's affirmative defense, although unsuccessful, was only part of its legal theory. Defendant ultimately succeeded in defending against Plaintiff's claims. Therefore, Defendant's costs pertaining to the deposition of Richard Turner are taxable, and Plaintiff's objection is denied.

In sum, Defendant's Bill of Costs shall be reduced by **$11,503.05** for items pertaining only to specific deposition costs.

**3.     Witness Costs**

Plaintiff argues that Defendant failed to provide sufficient documentation to support its fees for witness costs, including lodging, meals, and incidentals.  A witness's "normal travel expenses . . . shall be taxable as costs pursuant to section 1920." 28 U.S.C. § 1821(c)(4). Witness travel expenses are reasonable when they fall within the bounds of the per diem rates established by the Administrator of General Services, as set forth in 28 U.S.C. § 1821(d)(3). *See Macario v. Pratt & Whitney Can., Inc.*, 1995 WL 649160, at *2 (E.D. Pa. Nov. 1, 1995); *Nugget Distributors Co-op. of Am., Inc. v. Mr. Nugget, Inc.*, 145 F.R.D. 54, 58 (E.D. Pa. 1992). Here, Defendant attached a print-out from the U.S. General Services Administration's website to its Bill of Costs, providing the per diem rates for Detroit, Michigan. *See* Defendant's Exhibit C. Defendant's Bill of Costs is in accordance with these amounts. Therefore, Defendant's costs for witness lodging, meals, and incidentals are within the bounds of 28 U.S.C. § 1821(d)(3) and are taxable, and Plaintiff's objections are denied.

**4.      Exemplification and Copying**

Under 28 U.S.C. § 1920(4), the prevailing party may recover the costs associated with making photocopies, as long as the copies are "necessarily obtained for use in the case." *Wyandotte Savings Bank v. NLRB*, 682 F.2d 119, 120 (6th Cir. 1982). Taxation of copying costs is largely within the discretion of the court, depending on the circumstances of each case. *BDT,* 405 F.3d at 420. In its Bill of Costs, Defendant requests $367,980.54 for various exemplification and copying costs. Plaintiff objects to $91,492.91 of these costs.

First, Plaintiff objects to labor, technical services, and project management fees as untaxable intellectual efforts. Although the Sixth Circuit has not specifically addressed the issue, other circuits have held that 28 U.S.C. § 1920(4) only covers costs inherent in the "physical preparation and duplication of documents" and not the "intellectual efforts involved in their production." *Romero v. City of Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (overruled on other grounds by *Townsend v. Holman Consulting Corp.*, 914 F.2d 1136, 1141 (9th Cir. 1990)); *see also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 n.5 (7th Cir. 2000). Therefore, labor related costs are not recoverable under 28 U.S.C. § 1920. *See League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 2012 WL 3206412 (D. Nev. Aug. 3, 2012) ("§ 1920 does not authorize recovery of costs for . . . technical labor");  *U.S. ex rel. Davis v. U.S. Training Center, Inc.*, 829 F. Supp. 2d 326, 338 (E.D. Va. 2011).

This Court agrees that costs related to labor, technical services, and project management are "intellectual efforts," and are not taxable. Therefore, Defendant's Bill of Costs shall be reduced by the amount of these costs, $33,226.25. Additionally, Defendant requests costs for "prints w/assembly," in the amount of  $6,239.00, and costs for "prints w/o assembly."  Because "prints w/ assembly" includes additional costs for labor, these costs are not taxable. Defendant's Bill of Costs shall also be reduced by $6,239.00.

6

Second, Plaintiff objects to costs of other hard-copy productions made by Defendant that were made well in advance of trial. Plaintiff argues that these copies were for the convenience of counsel and are not taxable. However, "§1920(4) authorizes costs for photocopying of documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Jordan v. Vercoe*, 966 F.2d 1452, *1 (6th Cir. 1992). Because § 1920(4) authorizes costs for copies of discovery documents, pleadings, and correspondence, all of which could be made long before a trial begins, Plaintiff's objection to these costs is denied.

Third, Plaintiff objects to $450.00 in costs relating to CD and DVD duplications. Section 1920(4) allows for fees for exemplification and copying, including electronic document production. *In re Ricoh Co., Ltd. Patent Litig*, 661 F.3d 1361, 1364 (Fed. Cir. 2011). However, duplicates are not taxable because they are made for the convenience of counsel and are not "reasonably necessary for use in the case." *City of Sterling Heights*, 2008 WL 920135, at *6. Here, Defendant made "CD masters" and "CD and DVD duplications." Because these duplications were made for the convenience of counsel, Defendant's Bill of Costs shall be reduced by $450.00.

Fourth, Plaintiff objects to costs of image conversion because the fees are inconsistently priced. However, careful review of Defendant's exhibits and related invoices shows that the conversion fees at issue are simply labeled differently, referring to different forms of conversion. Therefore, Defendant's costs for image conversion fees are reasonable, and Plaintiff's objection to these costs is denied.

It total, Defendant's Bill of Costs shall be reduced by **$39,915.25** for costs pertaining to exemplification and copying costs.

**5.      Demonstratives**

Plaintiff argues that Defendant should not recover fees for demonstratives that were made in preparation of trial but then were not used at trial. The Sixth Circuit has not addressed whether demonstrative evidence made in preparation for trial but not actually used at trial is taxable. Pursuant to 28 U.S.C. § 1920, the reasonable cost of preparing maps, charts, graphs, and kindred material is taxable when necessarily obtained for use in the case. *See Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. 143 (D. Md.1968), *aff'd and remanded on other grounds*, 415 F.2d 55 (4th Cir. 1969), *cert. denied* 397 U.S. 920 (1970). Whether an item is necessarily obtained for use in a case, so that expense therefore may be taxed as a cost, calls for a factual evaluation, which is committed to the discretion of the trial court. *See United States v. Kolesar*, 313 F.2d 835 (5th Cir. 1963). This is an intellectual property case in which the issues may be especially complex. Therefore, demonstratives may be especially necessary for attorneys to use in understanding the case. *See Merck Sharp & Dohme Pharmaceuticals, SRL v. Teva Pharmaceuticals USA, Inc.*, 2010 WL 1381413, at *5 (D. N.J. 2010). Therefore, Defendant's costs for demonstratives are taxable, and Plaintiff's objection is denied.

In addition, Plaintiff objects to costs of "design services" in creating the demonstratives because such services are intellectual efforts. 1920(4) only covers costs inherent in the "physical preparation and duplication of documents" and not the "intellectual efforts involved in their production." *Romero*, 883 F.2d at 1428 (9th Cir. 1989). Defendant's invoices in Exhibit E specify $5,516.00 in "design services." However, intellectual efforts in designing demonstratives is not taxable, and Defendant's Bill of Costs shall be reduced by $5,516.00. Furthermore, Plaintiff objects to $1,613.15 in costs for the shipping and handling of the demonstratives. Shipping and handling costs are generally not recoverable under 28 U.S.C. § 1920. *Rodriguez*, 862 F. Supp. 2d at 1320.

Therefore, Defendant's Bill of Costs shall also be reduced by $1,613.15.

In total, Defendant's Bill of Costs shall be reduced by **$7,129.15** for costs pertaining to demonstratives.

### 6.     Interpreter Costs

A. *Translation of Documents*

Defendant requested $27,645.20 in fees for document translation. However, the Supreme Court recently held that the compensation of interpreters that may be awarded under the federal taxation of costs statute is limited to the cost of oral translation and does not include the cost of document translation. *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2007 (2012).[1] Therefore, Defendant cannot recover the costs of translating documents, and Defendant's Bill of Costs shall be reduced by $27,645.20.

B. *Interpreter Costs for Trial*

Plaintiff objects to $8,370.00 of interpreter fees because Defendant submitted invoices for eight days of interpretation, while the interpreter was only used for two days at trial. However, the progress of the trial is often uncertain, and it may be necessary have an interpreter available even if he is ultimately not used by counsel. *See Mastrapas v. New York*, 93 F.R.D. 401, 404 (E.D. Mich. 1982). Although the interpreter in this case was only used for two days at trial, it was reasonably necessary to have an interpreter available throughout the entire trial. Therefore, Defendant's interpreter costs for eight days are taxable, and Plaintiff's objection is denied.

---

[1] Although the Bill of Costs and objections in the case at hand were filed before *Taniguchi* was decided, its precedent applies. *See Davila-Feliciano v. Puerto Rico State Ins. Fund*, 683 F.3d 405, 406 (1st Cir. 2012) (holding that *Taniguchi* is binding, even though the Bill of Costs and district court decision were filed prior to the *Taniguchi* decision).

Secondly, Plaintiff objects to $3,513.34 in costs for seven days of interpreter travel expenses. Plaintiff argues that it was able to locate an interpreter within a short distance of Detroit, and therefore any interpreter travel expenses are unnecessary. "In considering whether to allow expenses for traveling in excess of 100 miles, the court should consider the length of the journey, the necessity of the testimony, and the possibility of averting the travel expense." *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 771 (6th Cir. 1999). Plaintiff demonstrated that it could retain a Russian to English interpreter from Hamtramck, Michigan, which is approximately six miles from Detroit. *See* Plaintiff's Exhibit E. Plaintiffs have shown that Defendants could have averted these travel expenses. Therefore, Defendant's Bill of Costs shall be reduced by $3,513.34.

In total, Defendant's Bill of Costs shall be reduced by **$31,158.54** for costs as to the translation of documents and interpreter travel expenses.

**7.    Objections to the Entirety of Costs**

Finally, Plaintiff argues that it was the prevailing party on issues regarding Defendant's defenses, as well as its counter-claims of validity and enforcement, because these issues were decided on summary judgment and dismissed voluntarily prior to the trial. Therefore, Plaintiff argues that Defendant's ability to recover costs should be limited to the remaining issue, infringement. As stated above, *see supra* p. 6, Defendant's affirmative defenses and counter-claims were part of an overall defense, and the litigation expenses regarding these issues and the issues on which Defendant was ultimately successful surrounded a common core of operative facts. *See Hensley*, 461 U.S. at 435. Therefore, Plaintiff's objections to the entirety of Defendant's Bill of Costs is denied.

### III. CONCLUSION

In sum, Defendant's Bill of Costs shall be reduced as follows:

a.  Hearing Transcripts: $1,875.60;
b.  Deposition Expenses: $11,503.05;
c.  Exemplification and Copying Costs: $39,915.25;
d.  Demonstratives: $7,129.15; and
d.  Interpretation Services: $31,158.54.

For the foregoing reasons, Plaintiff's objections to Defendant's Bill of Costs are **GRANTED IN PART** and **DENIED IN PART**. The Clerk is hereby **ORDERED** to tax costs in the amount of $411,614.04 against Plaintiff and in favor of Defendant, the prevailing party.

**SO ORDERED.**

                                                                      s/Arthur J. Tarnow
                                                                      Arthur J. Tarnow
                                                                      Senior United States District Judge

Dated: December 14, 2012

---

### CERTIFICATE OF SERVICE

I hereby certify on December 14, 2012 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 14, 2012: **None**.

                                                      s/Michael E. Lang
                                                      Deputy Clerk to
                                                      District Judge Arthur J. Tarnow
                                                     (313) 234-5182